**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOHN GALVAN and PATRICK TAYLOR, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

STEVEN T. MNUCHIN, in his official capacity as United States Secretary of the Treasury; the UNITED STATES DEPARTMENT OF THE TREASURY; CHARLES P. RETTIG, in his official capacity as United States Commissioner of Internal Revenue; the INTERNAL REVENUE SERVICE; and the UNITED STATES OF AMERICA,

Defendants.

No. 1:20-cv-04511

Judge Joan B. Gottschall

Magistrate Judge Jeffrey T. Gilbert

# PLAINTIFFS' MOTION TO SET AN EXPEDITED BRIEFING SCHEDULE ON THEIR MOTIONS FOR CLASS CERTIFICATION AND PARTIAL SUMMARY JUDGMENT

Plaintiffs, John Galvan and Patrick Taylor, ("Plaintiffs") on behalf of themselves and all others similarly situated, respectfully move this Court for an expedited briefing schedule and hearing on their Motion for Class Certification and Motion for Partial Summary Judgment. Plaintiffs ask the Court to order that (a) Defendants file any opposition to Plaintiffs' Motion for Class Certification and Motion for Partial Summary Judgment within fourteen (14) days of the filing of this Motion, and that (b) Plaintiffs file any reply briefs within seven (7) days after the filing of any opposition briefs. Plaintiffs further request a hearing by teleconference within seven (7) days after Plaintiffs file their reply brief. In support of this request, Plaintiffs state the following:

## I. INTRODUCTION

Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES"), Congress mandated that ***all*** "eligible individuals"—including incarcerated persons—are entitled to immediately receive an Economic Impact Payment worth roughly $1,200. Defendants—the United States Department of Treasury, the Internal Revenue Service (a bureau within the Treasury), and officials in charge of those entities—are preventing incarcerated people from receiving these Economic Impact Payments, thereby contravening the plain language of the statute. Therefore, Plaintiffs filed a complaint on behalf of themselves and others similarly situated, seeking, among other things, a declaratory judgment that people who are incarcerated qualify for Economic Impact Payments if they meet the eligibility requirements set forth in the CARES Act. Plaintiff have further requested a permanent injunction ordering Defendants to carry out the mandate of the statute and issue Economic Income Payments to incarcerated people who meet the eligibility requirements set forth in the statute.

Time is of the essence for Plaintiffs, who stand to lose access to the stimulus payments if (a) Defendants do not issue the payments by December 31, 2020 or if (b) Defendants do not provide them with a fair opportunity to apply for the payments by October 15, 2020. Prompt compliance

with the mandate of the CARES Act is also critical given the emergency nature and purpose of the statute—to provide immediate assistance to Americans who are struggling during the pandemic, and to inject funds into the economy in a way that will support businesses on the brink of insolvency. Given the fast approaching deadlines, Plaintiffs moved expeditiously for class certification and partial summary judgment on August 14, 2020. Plaintiffs now bring this motion to set an expedited briefing schedule on those two motions and to schedule a hearing by teleconference. Plaintiffs' request should be granted for good cause shown.

Defendants have been served with the summons and the complaint. After filing their complaint on Friday, July 31, 2020, Plaintiffs promptly served each Defendant the following Tuesday, August 4, 2020, by certified mail, return receipt requested.[1] Plaintiffs delayed filing proof of service with the Court, intending to first await the return receipt. When the return receipts became available on the USPS tracking website, Plaintiffs promptly filed proof of service with the Court on August 18, 2020.[2] Thus, Defendants were properly served on August 3r, and proof of service was filed with the Court on August 18.

Defendants have actual notice of this action, have appointed lead counsel to represent them, and are actively engaged in the case. Beginning on August 3, 2020, Defendants have been receiving notice of all electronic filings in this case through the ECF system, at the email address of counsel for the government: (AUSA – Chicago) USAILN.ECFAUSA@usdoj.gov.[3] Defendants have selected counsel to represent them in this action: James Strandjord, Trial Attorney in the Tax Division, U.S. Department of Justice, in Washington D.C.[4] Counsel for Plaintiffs spoke with Mr. Strandjord

---

[1] *See* Declaration of Megan E. O'Connell in Support of Plaintiffs' Motion to Show Cause and Motion for an Expedited Briefing Schedule ("O'Connell Decl.") at ¶¶ 3-5.

[2] *See id.*

[3] *See* Exhibit 1.

[4] *See* Declaration of Jeannie Evans in Support of Plaintiffs' Motion to Show Cause and Motion

multiple times on August 17 and 18.[5] Mr. Standjord confirmed that he has received and reviewed Plaintiffs' Class Action Complaint, as well as Plaintiffs motions for class certification and partial summary judgment, memorandums in support, and accompanying exhibits.[6] Counsel for both parties discussed the claims and defenses at issue, and the next potential procedural steps.[7] Counsel for Defendants did not agree to Plaintiffs' proposed briefing schedule on the pending motions for class certification and partial summary judgment, but he knows that Plaintiffs intend to take steps to expedite this action.[8] Counsel for Plaintiffs agreed to send copies of all filings to Mr. Strandjord at his direct email address until he enters an appearance on the Court's docket. Thus, Defendants will receive prompt notice of all ECF filings in this case.[9]

## II. BACKGROUND

On July 31, 2020, Plaintiffs filed their Class Action Complaint ("Complaint") seeking declaratory and injunctive relief from Defendants' violations of the Administrative Procedures Act, 5 U.S.C. § 706(1) and (2) and seeking damages pursuant to the CARES Act, 26 U.S.C. § 6428 and the Little Tucker Act, 28 U.S.C. § 1346(a)(2). (Dkt. 1) The Complaint also seeks to certify, pursuant to Rule 23, a class that includes:

> Every person in the United States who is eligible under 26 U.S.C. § 6428 to receive an Economic Impact Payment (or other credit, refund, or payment under this section), and who:
>
> (a) is or has been barred from receiving such benefit by Defendants on the ground that the individual is incarcerated; or

for an Expedited Briefing Schedule ("Evans Decl.") at ¶ 2.

[5] *See id.* at ¶ 2.

[6] *See id.* at ¶ 3.

[7] *See id.*

[8] *See id.* at ¶ 4-5.

[9] *See id.* at ¶ 6.

(b) at any time on or after March 27, 2020, meets the criteria described in IRS FAQ 14 or Section 202(x)(1)(A)(i)-(v) of the Social Security Ac.

On August 14, 2020, Plaintiffs moved for class certification pursuant to Rule 23(b)(2) and Rule 23(b)(3). Plaintiffs also moved for partial summary judgment seeking declaratory and injunctive relief under the Administrative Procedure Act ("APA").

Individuals who did not file a 2018 or 2019 tax return can apply for their Economic Impact Payment online using the Non-Filers tool on the IRS website.[10] The IRS has stated that those using the Non-Filers tool must do so by October 15, 2020.[11] "The Non-Filers tool is designed for people with incomes typically below $24,400 for married couples, and $12,200 for singles."[12] This deadline affects a large percentage of the putative class members, because individuals who are incarcerated likely did not earn sufficient income in 2018 or 2019 to have a filing requirement.[13] A significant percentage of the Class have not applied using the Non-Filers Tool because Defendants have stated that incarcerated people do not qualify to receive payments.

[10] I.R.S. Use IRS Non-Filers: Enter Payment Info Here tool to get Economic Impact Payment; many low-income, homeless qualify (Apr. 28, 2020), https://www.irs.gov/newsroom/use-irs-non-filers-enter-payment-info-here-tool-to-get-economic-impact-payment-many-low-income-homeless-qualify.

[11] I.R.S. News Release, IR-2020-111 (June 3, 2020), https://www.irs.gov/newsroom/159-million-economic-impact-payments-processed-low-income-people-and-others-who-arent-required-to-file-tax-returns-can-quickly-register-for-payment-with-irs-non-filers-tool (" . . . the [IRS] reminds many low-income Americans who don't usually file tax returns to register for a payment by October 15.").

[12] *Id.*

[13] *See, e.g.*, Wendy Sawyer, The steep cost of medical co-pays in prison puts health at risk, Prison Policy Initiative, Apr. 19, 2017, https://www.prisonpolicy.org/blog/2017/04/19/copays/ (detailing average prison wages by state compared to state's minimum wage); *see also* Morgan Godvin, Money Changed Everything for Me In Prison, The Marshall Project, April 11, 2019, https://www.themarshallproject.org/2019/04/11/money-changed-everything-forme-in-prison.

In addition to this October 15, 2020 deadline, the CARES Act provides that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020."[14] Thus, ***all Class Members*** are in jeopardy of losing their Economic Impact Payments if the Court does not rule expeditiously on Plaintiffs' motions.

## III. APPLICABLE LEGAL STANDARDS

"[D]istrict courts have broad discretion to manage their dockets." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) The Federal Rules of Civil Procedure grant federal district courts power to hear cases and issue scheduling orders in an efficient manner and in the interest of justice.

Rule 56 was amended in 2009 to allow "a party to move for summary judgment at any time, even as early as the commencement of the action." *See* Fed. R. Civ. P. 56, Committee Notes on Rules—2009 Amendment. The 2010 amendment to Rule 56 further removed any specification for a minimum time for a party to respond to a motion for summary judgment. The 2010 amendment clarified that defendants may be required to respond to a motion for summary judgment before answering the complaint. Committee Notes on Rules—2009 and 2010 Amendments.

Rule 23 similarly authorizes district courts to entertain motions for class certification "at an early practicable time." *See* Fed. R. Civ. P. 23(c)(1)(A); *Precertification Discovery*, Ann. Manual Complex Lit. § 21.14 (4th ed.) (Westlaw); Fed. R. Civ. P. 23(c)(1)(A) (providing that court "must decide whether to certify . . . a class action" at "*an early practicable time* after a person sues or is sued as a class representative" (emphasis added)).

Rule 6 provides that written motions must typically be served "at least 14 days before the time specified for the hearing," but follows up with exceptions, including 'when a court order—***which a party may, for good cause, apply for ex parte***—sets a different time." Fed. R. Civ. P. 6(c)(1)(C).

[14] 26 U.S.C. § 6428(f)(3)(A).

Rule 4(i) provides rules for proper service of summons on the United States and its agencies and officers – including sending a copy of the summons and the Complaint by registered or certified mail.

Rule 5 provides for proper notice of motions to all affected parties. Great effort has been made to simplify the federal rules of civil procedure over the years to make them more efficient and to better serve the interests of justice. The rules for service are not complicated, and provide multiple avenues for proper service, including by handing a document to a person, sending it through the court's electronic filing system, or "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)

Federal district courts are further empowered by statute to expedite cases for good cause. 28 U.S.C. § 1657(a) provides that: "Notwithstanding any other provision of law," the Court "shall expedite" civil actions if "good cause" is shown. The statute further clarifies that "good cause is shown if a right under . . . a Federal Statute would be maintained in a factual context that indicates a request for expedited consideration has merit."

Furthermore, summary judgment is proper without the need for discovery for claims under the APA that raise only issues of law and statutory interpretation, as discussed further below. Similarly, although an order certifying a class is often preceded by certification-related discovery, such discovery is not always needed. For example, certification-related "[d]iscovery may not be necessary when claims for relief rest on readily available and undisputed facts or raise only issues of law (such as a challenge to the legality of a statute or regulation)." *Precertification Discovery*, Ann. Manual Complex Lit. § 21.14 (4th ed.) (Westlaw).

## IV. ARGUMENT

### A. Plaintiffs' Motions for Class Certification and Summary Judgment are properly before the Court at this time.

Plaintiffs' motions are proper at this time. Defendants were properly served with summons and the Complaint on August 3, 2020, and they have actual notice of Plaintiffs' motions for class certification and partial summary judgment. *See* Fed. R. Civ. P. 4(i) and Fed. R. Civ. P. 5. Plaintiffs request a briefing schedule that allows Defendants 14 day to respond to their motions, which is consistent with Fed. R. Civ. P. 6(c).

Plaintiffs' motions are proper at the outset of this action, before Defendants have answered the complaint. *See* Fed. R. Civ. P. 56 and accompanying Committee Notes on Rules—2009 and 2010; *see also* 5C Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1369 (3d ed. 2019) ("In terms of timing, the summary judgment motion can be made by the plaintiff or the defendant at any time . . . ."). "A plaintiff doesn't have to wait for the defendant's answer before filing for summary judgment . . . ." *United States v. Salem*, 19-CV-2729, 2019 WL 6497381, at *2 (N.D. Ill. Dec. 3, 2019) Similarly, Rule 23 allows the court to certify a class "at an early practicable time." Both of Plaintiffs' motions are properly before the Court.

Because Plaintiffs raise only questions of law, and claims for declaratory and injunctive relief under the APA, summary judgment is proper without the need for discovery. Although most civil cases require fact discovery, making early summary judgment improper, district courts reviewing agency action "do not resolve factual issues." *Ass'n of Proprietary Colleges v. Duncan,* 107 F. Supp. 3d 332, 344 (S.D.N.Y. 2015). Rather, the district court "sits as an appellate tribunal and the entire case on review is a question of law." *Id.* In APA cases, therefore, "summary judgment will generally be appropriate." *Glaro Fashion, Inc. v. Holder*, No. 11 Civ. 889, 2012 WL 352309, at *5 (S.D.N.Y. Feb. 3, 2012. "Generally, discovery is not appropriate for claims brought under the APA since review of an agency's decision is confined to the administrative record." *Citizens for Appropriate Rural Roads v. Foxx*,

815 F.3d 1068, 1081 (7th Cir. 2016). "The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decision making." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 1607, 84 L. Ed. 2d 643 (1985)

Similarly, Plaintiffs' motion for class certification raises only issues of law. No discovery is necessary for the Court to certify the proposed Class under Rule 23(b)(2) and (b)(3) because the facts underlying Plaintiffs' claims for relief are readily available and are mostly a matter of public records generated by Defendants themselves. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues [regarding class certification] are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . ."); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) ("Before deciding whether to allow a case to proceed as a class action, . . . a judge should make whatever factual and legal inquiries are *necessary* under Rule 23." (emphasis added)); *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 341 (N.D. Ill. 2001) ("Although the court does not disagree with defendant that it is often necessary to permit some discovery before certification in order to adequately determine whether class certification should be granted, the court concludes that in the instant case, the facts set forth in the complaint and answer are sufficiently detailed that court may make the determination of class certification at this time." (citation omitted)).

**B. The Court should enter an expedited briefing schedule for good cause shown.**

Both Rule 6(c) and 28 U.S.C. § 1657(a) grant federal district Courts broad discretion to expedite cases for "good cause." Good cause exists here as Congress passed legislation to grant all eligible Americans a stimulus payment of $1,200, and the executive branch is refusing to disburse the funds to Plaintiffs and members of the proposed Class. Time is running out for Plaintiffs, because the CARES Act provides that no Economic Impact Payments shall be made after December 31, 2020. If the Court does not rule expeditiously, any ruling could come too late to

afford relief to the Class. Class Members need a declaratory judgment in time to instruct them that they qualify for Economic Impact Payments and should apply for such payments online by October 15, 2020. Good cause exists for the Court to set an expedited briefing schedule—so that the Court can address Plaintiffs' arguments on the merits before it is too late. *See Satterlee v. Comm'r of Internal Revenue Serv.*, No. 6:18-03348-CV-RK, 2019 WL 2236091, at *4 (W.D. Mo. May 23, 2019) (citing *Freedom Commc'ns. Inc. v. FDIC*, 157 F.R.D. 485, 486-87 (C.D. Cal. 1994)) ("District courts have discretion to determine the need for expedited processing on a case-by-case basis."); *Freedom Commc'ns Inc. v. F.D.I.C.*, 157 F.R.D. 485, 487 (C.D. Cal. 1994) (quoting H.Rep. No. 985, 98th Cong., 2d Sess. (1984), *reprinted in* 1984 U.S.C.C.A.N. 5784) ("Litigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use [Section 1657(a)] . . . . . ").

### C. An expedited briefing schedule on Plaintiffs' motions serves the CARES Act's goal of providing immediate assistance to Plaintiffs and stimulating the economy.

Good cause to expedite the briefing schedule and hearing date also exists because Congress intended that the stimulus payments be distributed as rapidly as possible—to get money into the hands of people who are struggling, and to stimulate the economy. Senator Mitch McConnell stated on the Senate floor that the CARES Act "will rush financial assistance to Americans through direct checks to households."[15] For Plaintiffs and the putative Class, the Economic Impact Payment represents a critical financial resource that they need right now to purchase basic necessities. With COVID-19 wreaking havoc in prisons across the country, prisoners are facing extended lockdowns and are unable to earn money through their normal, already very low-paying, prison jobs.[16] Other

---

[15] 131 Cong. Rec. S2007 (Daily Ed. Mar. 24, 2020) (statement of Sen. McConnell) https://www.congress.gov/116/crec/2020/03/24/CREC-2020-03-24-pt1-PgS2006.pdf.

[16] Rebecca Boone, *US inmates got virus relief checks, and IRS wants them back*, Associated Press, June 24, 2020, https://apnews.com/0810bb67199c9cef34d4d39ada645a92.

courts in this district have recognized that the circumstances caused by COVID-19 warrant expedited hearings in CARES Act litigation. *See, e.g., Doe v. Trump*, No. 20-CV-2531, 2020 WL 2464754, at *1 (N.D. Ill. May 1, 2020) ("it is clear that expedited briefing should be ordered.") An expedited briefing schedule and ruling on Plaintiffs' motions is necessary to cause the executive branch to implement the mandate of the CARES Act in a timely way to disburse needed funds and stimulate the economy.

## V. CONCLUSION

Given the extreme urgency, Plaintiffs request that the Court set an expedited briefing schedule, ordering that (a) Defendants file any opposition to Plaintiffs' Motion for Class Certification and Motion for Partial Summary Judgment within fourteen (14) days of the filing of this Motion, and that (b) Plaintiffs file any reply briefs within seven (7) days after the filing of any opposition briefs. Plaintiffs further request a hearing by teleconference within seven (7) days after Plaintiffs file their reply briefs, and for further relief this Court deems just and proper

DATED: August 19, 2020

Respectfully submitted,

By: *<u>/s/ Jeannie Y. Evans</u>*

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594
steve@hbsslaw.com

Jeannie Y. Evans
Zoran Tasić
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
T: (708) 628-4949
F: (708) 628-4950
jeannie@hbsslaw.com
zorant@hbsslaw.com

Christopher R. Pitoun (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Ave, Suite 920
Pasadena, CA 91101
T: (213) 330-7150
F: (213) 330-7152
christopherp@hbsslaw.com

Michael Kanovitz
Scott Rauscher
Sarah Grady
Elliot Slosar
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
T: (312) 243-5900
mike@loevy.com
scott@loevy.com
sarah@loevy.com
elliott@loevy.com

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

The undersigned attorney of record hereby certifies that on August 19, 2020, the foregoing was filed electronically via the Court's CM/ECF system. I further certify that I will cause to be served a true and correct copy of the foregoing (1) by emailing Defendants' counsel, James Strandjord, Trial Attorney in the Tax Division, U.S. Department of Justice, at james.m.strandjord@usdoj.gov, and (2) by U.S. Certified Mail, return receipt requested upon all Defendants at the addresses listed below:

Stephen T. Mnuchin, in his official capacity as U.S. Secretary of the Treasury
c/o General Counsel for the Department of Treasury
1500 Pennsylvania Ave, NW
Washington, D.C. 20220

U.S. Department of the Treasury
c/o General Counsel for the Department of Treasury
1500 Pennsylvania Ave, NW
Washington, D.C. 20220

Charles P. Rettig, in his official capacity as U.S. Commissioner of the Internal Revenue
c/o Chief Counsel of the U.S. Internal Revenue Service
1111 Constitution Ave, NW
Washington D.C. 20224

Internal Revenue Service
c/o Chief Counsel of the U.S. Internal Revenue Service
1111 Constitution Ave, NW
Washington D.C. 20224

United States of America
c/o Attorney General of the United States of America
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C. 20530

-and-

United States Attorney's Office
Northern District of Illinois, Eastern Division
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604

*/s/ Jeannie Y. Evans*