## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GALVAN and PATRICK TAYLOR, on behalf of themselves and all others similarly situated, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | Case No. 20-CV-4511 |
| STEVEN T. MNUCHIN, in his official capacity as United States Secretary of the Treasury; the UNITED STATES DEPARTMENT OF THE TREASURY; CHARLES P. RETTIG, in his official capacity as United States Commissioner of Internal Revenue; the INTERNAL REVENUE SERVICE; and the UNITED STATES OF AMERICA, Defendants. | ) ) ) ) ) ) ) ) ) ) | Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

At issue in this lawsuit is a provision of the Coronavirus Aid, Relief, and Economic

Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), providing for

the disbursement of "economic impact payments" of $1,200.00 or more to certain taxpayers.  *See*

CARES Act § 2201, codified at 26 U.S.C. § 6428.  A similar suit is pending in the Northern

District of California (*Scholl* action). [1]  In both suits, the plaintiffs challenge the decision of the

Internal Revenue Service ("IRS"), allegedly made in or around April 2020, not to issue economic

impact payments to incarcerated people.  *See* Compl. ¶¶ 49–59, ECF No. 1.  The plaintiffs in

both suits claim that the IRS's decision conflicts with the plain language of the CARES Act.

*Compare id.* ¶¶ 8, 67, 77, *with Scholl* Compl. ¶¶ 18-20.  They bring claims under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Little Tucker Act.  *Compare*

---

[1] *Colin Scholl and Lisa Strawn v. Steven Mnuchin, et al.*, No. 4:20-cv-5309 -PJH (N.D. Cal.).  Throughout this order, documents filed in the *Scholl* action will be cited as "*Scholl*, ECF No. __."  A copy of the *Scholl* complaint can be found in this record at ECF No. 44-1.

Compl. ¶¶ 83-91, 102-108., *with Scholl* Compl. ¶¶ 44-54.  And the plaintiffs in both suits seek to represent a national class of incarcerated individuals.  *Compare* Compl. ¶¶ 74–108, *with Scholl* Compl. ¶¶ 33-39.

Two motions are before the court.  Both concern the scheduling of this case relative to the *Scholl* action.  They refer to this suit brought by John Galvan and Patrick Taylor as the "*Galvan* action."  The *Galvan* plaintiffs ask this court to set an expedited briefing schedule on their motions for summary judgment and for class certification.  Defendants oppose expediting. The *Scholl* plaintiffs separately move for leave to intervene and to stay this case pending a decision on their motion for class certification in the *Scholl* action.  ECF No. 42 at 15.

### I. Procedural Background

The complaints in these cases were filed about a month ago and within a day of one another.  The complaint in *Galvan* came first.  *Compare* ECF No. 1 (Fri., July 31, 2020), *with Scholl*, ECF No. 1 (Sat., Aug. 1, 2020).  Because the defendants are government officials and agencies, the Federal Rules of Civil Procedure give them 60 days from the date the complaint is served upon the United States to answer or otherwise respond to the complaint.  Fed. R. Civ. P. 12(a)(2).  The plaintiffs in *Galvan* and *Scholl* have charted different, but at times intertwined, procedural paths.

### A. The *Scholl* Suit

On August 4, 2020, the *Scholl* plaintiffs moved for class certification and for a preliminary injunction.  *Scholl*, ECF No. 8.  Under the Local Rules of the Northern District of California, defendants had 14 days to respond, and the *Scholl* plaintiffs had seven days to reply. *Id.* (setting automatic briefing schedule under N.D. Cal. L.R. 7-3(a) and (c)).  In a stipulation approved by the court, the *Scholl* plaintiffs and defendants agreed to extend defendants' response

deadline by two weeks. *Scholl*, ECF No. 28; *see also* N.D. Cal. L.R. 6-2. Defendants responded on September 1, 2020, *Scholl*, ECF No. 44, and the *Scholl* plaintiffs' reply is due September 8, 2020. *Scholl*, ECF No. 29.

Chief Judge Hamilton, who is presiding over the *Scholl* action, has not set a hearing. "The matter will be taken under submission on the papers." *Scholl*, ECF No. 31.

On August 18, 2020, the *Galvan* plaintiffs filed a motion in the *Scholl* action seeking to intervene and to transfer the case to this court. *Scholl*, ECF No. 33. Judge Hamilton denied the motion to transfer on August 29, 2020. *Scholl*, ECF No. 43. The court ruled that the first-to-file rule did not apply because the two cases were filed within a day of each other, and "neither case has clearly expended more effort or made more progress." *Id*. at 7.

### B. The *Galvan* Suit

Two weeks after filing their complaint, the *Galvan* plaintiffs filed two motions (August 14, 2020). The first motion seeks class certification. ECF No. 16. The second is a motion for partial summary judgment on the *Galvan* plaintiffs' APA claims. ECF No. 18.

This court's local rules do not set a default briefing schedule on motions. *See* N.D. Ill. L.R. 78.3. Because plaintiffs did not seek *ex parte* relief and they did not file proof that they had served defendants with the summons and complaint, this court advised them, "Until the government has appeared, a briefing schedule on plaintiffs' motions cannot be set." Min. Entry, Aug. 17, 2020, ECF No. 22.

The next day, the *Galvan* plaintiffs filed proof of service of the summons and complaint. *See* ECF Nos. 25–29 (Aug. 18, 2020). Based on the dates on the proof of service, defendants have until October 9, 2020, to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12(a)(2).

Along with proof of service, the *Galvan* plaintiffs filed their motion to set an expedited briefing schedule on their motions for class certification and for partial summary judgment. ECF No. 33. The *Scholl* plaintiffs filed their pending motion to intervene and to stay the next day. ECF No. 42 (Aug. 20, 2020).

This court held an initial hearing on the motion to expedite on August 21, 2020. The government appeared at the hearing, and the court permitted the *Scholl* plaintiffs to participate. *See* Notice Appearance, ECF No. 46; Min. Entry, ECF No. 47. After the hearing, a briefing schedule on the motion to expedite and the motion to stay was set, and both motions have been fully briefed.

## II. Motion to Intervene for a Limited Purpose

On a timely motion, the court may in its discretion permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rule 24 instructs the court to consider whether "the intervention will unduly delay or prejudice the adjudication of the original parties' [here the *Galvan* plaintiffs'] rights." Fed. R. Civ. P. 24(b)(3). "Intervention under Rule 24(b) is wholly discretionary and will be reversed only for abuse of discretion." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (citing *Keith v. Daley*, 764 F.2d 1265, 1272 (7th Cir. 1985)).

There is no dispute that the *Scholl* plaintiffs acted promptly, filing their motion for leave to intervene within a week of the filing of the *Galvan* plaintiffs' motion for class certification. As discussed more fully above, both cases stand at a very early stage of litigation; the substantive motions that have been filed have yet to be fully briefed; and no discovery has been taken. The *Scholl* plaintiffs' motion is timely. *See Chippewa Cmty*, 242 F.3d at 949 ("The purpose of the

requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." (alteration and quotation omitted)).

As for undue delay, the entire purpose of the *Scholl* plaintiffs' intervention request is to convince the court to delay the adjudication of the *Galvan* plaintiffs' claims. Yet the *Galvan* plaintiffs do not oppose the *Scholl* plaintiffs' motion for leave to intervene, though they vehemently oppose any delay here. *See* Resp. Opp'n Mot. to Intervene and Stay 3–14, ECF No. 51. As discussed below, the *Galvan* plaintiffs argue that time is of the essence given the size of the proposed class and the deadlines of December 31, 2020, in the CARES Act.

The question of whether the *Scholl* plaintiffs have "a claim or defense that shares with the main action a common question of law or fact" at first seems straightforward. Fed. R. Civ. P. 24(b)(1)(B). The *Scholl* plaintiffs argue that they are potential class members here, and they have filed claims in the Northern District of California that are nearly identical to the *Galvan* plaintiffs' claims. *See* Mot. to Intervene and Stay 8–9, ECF No. 42.

But the *Scholl* plaintiffs do not seek to press any of those claims before this court now or in the future. *See id*. Rather, they seek to enter this litigation solely to pause it until their motion for class certification is decided. *Id*. at 14. Part of the difficulty here arises from the failure of the *Scholl* plaintiffs to comply with Rule 24(c), which required their motion to intervene to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Rather than identify any claim or defense they wish to advance here or interest they have in the outcome of their motion to stay, the *Scholl* plaintiffs "suggest that the information related to their request for a stay may aid the court with case management, including how this case relates with the *Scholl* litigation, how developments in one case might affect the other, and how one or both

cases should be managed to maximize efficiency and avoid waste." Mot. to Intervene and Stay 8.

On one hand, the *Scholl* plaintiffs cite *C.F.T.C. v. Nowak*, in which the government was permitted to intervene to move to stay a civil suit pending the outcome of a criminal trial. 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). On the other hand, at least two district courts have denied motions for permissive intervention "solely for the purpose of securing a stay." *Hughes v. Kore of Ind. Enter., Inc.*, 2013 WL 312868, at *1 (S.D. Ind. Jan. 25, 2013) (citing *Tech. Licensing Corp. v. Thomson, Inc.*, 684 F. Supp. 2d 1206, 1207 (E.D. Cal. 2010)). These decisions reason that the fact that the proposed intervenor's claims in another suit "share common questions of law and fact with those asserted in this case is irrelevant if [the proposed intervenor] does not seek to assert those claims in this matter." *Id.* at *2.

These decisions can be harmonized by looking to the interests of the proposed intervenors. In *Nowak*, the federal government sought to protect interests in a pending criminal case and forestall the possibility of the criminal defendant using civil discovery to gain an advantage. 2020 WL 3050225, at *2; *see also S.E.C. v. Kanodia*, 153 F. Supp. 3d 478, 481–82 (D. Mass. 2015). No such independent interest existed in *Hughes*. Reading these cases together, permissive intervention is available to move to stay but not solely to stay the main suit; the motion to stay must identify some concrete and particularized interest of the proposed intervenor the stay is likely to protect. *Cf. Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658, 662 (7th Cir. 2002) (affirming denial of leave to intervene because the benefit to the proposed intervenor "consist[ed] solely of the convenience of the moving party, as opposed to the preservation of or access to information otherwise unattainable"). This principle accords with the Seventh Circuit

rule that the proposed intervenor must have Article III standing.[2]  *City of Chi. v. FEMA*, 660 F.3d 980, 987 (7th Cir. 2011).

The *Scholl* plaintiffs appear to be running afoul of the third-party standing doctrine. They do not explain how continuing proceedings, or granting a stay, in this court will prejudice them.  On the contrary, they state that "both courts are perfectly equipped to handle this litigation."  Mot. to Intervene and Stay 15.  Rather than assert their own interests, they argue that a stay is warranted to conserve the resources of defendants and this court.  *Id*.  However benevolent, under Article III standing doctrine, a party "generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties."  *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

But this court need not, and does not, rest its decision on a standing determination.  The considerations discussed above warrant denying the *Scholl* plaintiffs leave to intervene as a matter of discretion, regardless of whether they have standing.  *See Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1019 (7th Cir. 2002) (affirming denial of motion for permissive intervention based on the "untimely nature of the requests, the prejudice that the existing parties to the case would suffer, and the questionable nature of the legal injuries the proposed intervenors would suffer").  Defendants have demonstrated that they are fully cognizant of the pendency of both actions and that they are quite capable of protecting their own interests.  They have done so in response to the *Galvan* plaintiffs' motion to expedite briefing.  To date, both courts have also shown an ability and willingness to coordinate these cases to promote their just,

---

[2] As Judge Hamilton noted in the order granting the *Galvan* plaintiffs' motion to intervene, the Ninth Circuit rule differs in this respect.  *See Scholl*, ECF No. 43 at 5 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).

speedy, and inexpensive resolution. Because the court has denied the *Scholl* plaintiffs' motion to intervene, it does not reach their motion to stay, though some of their stay arguments naturally bleed into the below analysis of the *Galvan* plaintiffs' motion to expedite.[3]

### III. Motion to Set Expedited Briefing Schedule

At the outset, the court puts to rest the suggestions that the *Scholl* case is more procedurally advanced in any meaningful way. The fact that there is a briefing schedule in *Scholl* appears to be an artifact of a difference in Local Rules. This court's Local Rule 78.3 does not set a default briefing schedule; it provides simply: "The court may set a briefing schedule" on motions. Judges of this court set briefing schedules in their discretion, depending on the needs of the case and the parties. In the *Scholl* action, the local rules set a default briefing schedule, and the defendants stipulated to an extension giving them a total of 28 days to respond to the plaintiffs' motion for class certification and preliminary injunction. Defendants did not request leave to take discovery. *See Scholl*, ECF No. 28.

Without discussing why they agreed to a briefing schedule in *Scholl*, defendants ask this court to stay or delay briefing on the *Galvan* plaintiffs' motions for class certification and partial summary judgment until their answer deadline of October 9, 2020. Resp. Opp'n Mot. to Set Expedited Br. Schedule 11–12, ECF No. 50. Defendants represent that they need time to investigate plaintiffs' claims and prepare a motion to dismiss the complaint. Defendants anticipate that the motion will raise certain threshold jurisdictional issues such as sovereign immunity. *Id*. Additionally, defendants assert that they have not had the opportunity to depose

---

[3] The *Scholl* plaintiffs also argue that they should be permitted to intervene because they "suspect" that the *Galvan* plaintiffs may not be acting in the best interests of the class. Mot. to Intervene and Stay (quoting *Crawford v. Equifax Payment Servs., Inc.,* 201 F.3d 877, 880 (7th Cir. 2000)). Although assuring that any class counsel is "adequate" is an important interest, Fed. R. Civ. P. 23(a)(4), the *Scholl* plaintiffs seek limited intervention; they do not ask to participate in any class certification decision. *See Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007).

either of the *Galvan* plaintiffs (which they say they "typically" would do), gather needed records, or conduct other unspecified discovery needed to oppose plaintiffs' motions. *Id.* at 12.

The court recognizes that plaintiffs' partial motion for summary judgment seeks a final resolution of the APA claims while the *Scholl* plaintiffs seek preliminary relief. Nonetheless, a procedural vehicle exists for addressing a contention that defendants need more time to respond to a summary judgment motion—and it is not delaying the setting of a briefing schedule. A summary judgment motion may be filed "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "[T]he fact that discovery is not complete—indeed has not begun—need not defeat [a motion for summary judgment]." *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (quoting *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 729 (7th Cir. 1986) (brackets in original)); *accord Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1002 (7th Cir. 1994). If defendants need additional time to respond to the partial motion for summary judgment once a briefing schedule has been set, they may file an appropriate affidavit or declaration under Rule 56(d). They have not done so, and their response to the motion to expedite, besides not being an affidavit, lacks the specificity required by Rule 56(d). *See generally Smith v. OSF HealthCare* Sys., 933 F.3d 859, 864–65 (7th Cir. 2019).

There is also a procedural rule under which defendants, or any other party, may pursue pre-answer discovery, see Fed. R. Civ. P. 26(d)(1). Again, defendants do not suggest that they have even considered using it. Nor do they say why they could not. The point here is not that defendants must use these tools but rather that once a briefing schedule is set, they will have adequate procedural tools available to them to solve any problems caused by the plaintiffs' efforts to expedite the case.

Defendants also do not explain why they need to wait 45 days to raise their jurisdictional arguments in a motion to dismiss. *See* Resp. 11–12. These issues could also be raised in the *Scholl* action, and that appears to have happened. An examination of defendants' response filed September 1, 2020, in the *Scholl* action reveals that the government articulated several threshold jurisdictional arguments (*e.g.*, standing, ripeness, and sovereign immunity). *See Scholl*, ECF No. 44 at 9–16. Indeed, defendants' jurisdictional arguments comprise most of the argument section of their response brief. *See id.* Conspicuously, defendants do not request leave to take discovery on class action issues, or anything else, in *Scholl*. *See id.* at 17–19. No explanation has been provided. Defendants' contention that they need over a month to investigate a possible motion to dismiss accordingly rings hollow.

What, then, should the briefing schedule be? The parties seek to draw the court into the merits of the pending motions (here and in the *Scholl* action) to formulate a schedule. This is inappropriate and the court declines to wade into the merits.

The *Galvan* plaintiffs contend that time is of the essence because the CARES Act includes a deadline of December 31, 2020. After the deadline, no economic assistance payments may be sent. *See* 26 U.S.C. § 6428(f)(3)(A) ("The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this section as rapidly as possible. No refund or credit shall be made or allowed under this subsection after December 31, 2020.").

Defendants respond that the December 31, 2020, deadline was a red herring because Congress structured the economic assistance payments as a tax credit. *See* 26 U.S.C. § 6428(a). Under defendants' view of the statute, there is no entitlement to an economic assistance payment. And any class member who do not receive a payment in 2020 will still be able to file an income tax return for tax year 2020 and claim the credit.

In reply, plaintiffs point to another provision of the CARES Act governing how the IRS is to reconcile the amount of an economic impact payment with the tax credit. *See* 26 U.S.C. § 6428(e). The statute states, "The amount of credit which would (but for this paragraph) be allowable under this section shall be reduced (but not below zero) by the aggregate refunds and credits made or allowed to the taxpayer under subsection (f)," which governs the prepayment checks sent by the IRS in 2020. *Id*. § 6428(e)(1). Plaintiffs read the phrase "not below zero" to mean that if a person turns out to have received an overpayment, the overpayment does not need to be repaid. *See id*.

These merits issues are not yet fully briefed, and this court expresses no view on them now. As the foregoing discussion of the developing statutory arguments demonstrates, both sides have nonfrivolous arguments, at least nonfrivolous enough to benefit from full briefing. Until these issues have been briefed, the court considers it prudent to set a somewhat aggressive briefing schedule.[4] Defendants' responses will be due on September 15, 2020, which gives them as much time (28 days since the motions were filed) as they had to respond to the *Scholl* plaintiffs' motion for class certification and for preliminary injunction.

## IV. Conclusion

For the reasons stated, the *Scholl* plaintiffs' motion for leave to intervene (ECF No. 42) is denied. Plaintiffs' motion to set an expedited briefing schedule (ECF No. 33) is granted. Defendants' response to plaintiffs' motion for class certification (ECF No. 16) and motion for

---

[4] At the hearing held August 25, 2020, the *Galvan* plaintiffs represented that that they have reason to believe that the IRS will require substantial time to process payments to members of the proposed class: over two months. Plaintiffs accordingly argue that they need a ruling as soon as possible but no later than October 15, 2020 (a deadline the court cannot find in either the statute or a regulation). While not entirely clear on this point, defendants' counsel appeared to agree with the basic premise of plaintiffs' position.

partial summary judgment (ECF No. 18) is due on or before September 15, 2020.  Any reply is

due on or before September 22, 2020.

Dated:  September 4, 2020                                 _____/s/_____

                                                                   Joan B. Gottschall
                                                                   United States District Judge